# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re:* **M.T. & T.M.**

**No. 12-1267** (Cabell County 11-JA-122 & 123)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Paula L. Harbour, from the Circuit Court of Cabell County which terminated her parental rights by order entered on October 1, 2012. The guardian ad litem for the children, Cathy L. Greiner, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2011, the DHHR filed the petition that initiated this case. Its petition alleged Petitioner Mother had a long history of drug use and domestic violence, including a recent episode earlier that month in which she was kicked down the stairs by T.M.'s father. Following adjudication, the circuit court ordered a family case plan for Petitioner Mother and directed that she participate in services for domestic violence and substance abuse. In terminating petitioner's parental rights, the circuit court found that Petitioner Mother's participation was inconsistent and that she failed to benefit from her services or fully acknowledge her domestic violence issues with T.M.'s father.[1] Petitioner Mother appeals.

Petitioner Mother argues that the circuit court erred by terminating her parental rights based on noncompliance with the family case plan. She asserts that she substantially complied with requirements that she submit to random drug screens, participate in mental health treatment, and participate in domestic violence counseling. Petitioner Mother argues that although she missed some drug screens, she provided negative results for others, and that she attended counseling for domestic violence and substance abuse. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not err in terminating Petitioner Mother's parental rights based on her noncompliance with the family case plan. They assert that throughout the case, Petitioner Mother failed to benefit from her sporadic participation with services. At one point during the case, upon appearing at the domestic violence shelter with a black eye and bruises, she stated that she had had an altercation with T.M.'s father. Because

---

[1] The circuit court later dismissed T.M.'s father from this case, following his completion of an improvement period. M.T.'s father is unknown.

Petitioner Mother smelled strongly of alcohol and spoke with slurred speech, the shelter did not admit her.

Petitioner Mother next argues that the circuit court erred in terminating her parental rights on the basis that the conditions of the DHHR's initial petition had not been corrected. She asserts that she adequately improved the conditions of drug use and domestic violence and even went above and beyond by attaining a college education. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not err in termination on this basis. Both argue that the record supports the circuit court's findings that Petitioner Mother missed nearly half of her drug screens and tested positive for one drug screen. They argue that Petitioner Mother understood what was expected of her from the family case plan, but failed to make the necessary meaningful changes.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** March 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II